UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JAY TANIGUCHI,<br><br>　　Plaintiff,<br><br>V.<br><br>ANGEL WILSON, et al.,<br><br>　　Defendants. | Civil Action No. 6: 15-126-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Jay Taniguchi is confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). Proceeding without counsel, Taniguchi has filed a complaint asserting a civil rights claim pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Specifically, in his complaint Taniguchi alleges that Health Services Administrator Angel Wilson and Clinical Director Dr. Luis Cordero declined to allow him to use a beard trimmer instead of a razor to shave his beard even though he suffers from *pseudo folliculitis barbae* ("PFB"), a condition involving ingrown hair on the face and neck which is aggravated by shaving. Taniguchi contends that Wilson and Cordero have displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and seeks damages and an order compelling the defendants to allow him to use a beard trimmer. [R. 1]

**I**

The Court must conduct a preliminary review of Taniguchi's complaint because he has been granted permission to pay the filing fee in installments and because he

1

asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Taniguchi's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012)

In his complaint, Taniguchi explains that since 2001 he has been diagnosed with various skin conditions which can cause irritation and inflammation. In 2006 when he was confined at the Federal Correctional Institution in Beckley, West Virginia, Dr. Roger Edwards and Clinical Director Dr. Dominick McLain issued a memorandum permitting Taniguchi to use a beard trimmer instead of a razor because of his PFB. [R. 1 at 9, 12; R. 1-1 at 107-09] After the Bureau of Prisons prohibited the purchase and possession of such trimmers in 2010, Dr. McLain issued a new memorandum classifying the beard trimmer as a medically necessary device for Taniguchi. He was then permitted to retain his trimmer and obtain replacements on a yearly basis as needed. *Id.* at 13.

Taniguchi was transferred to FCI-Manchester in March 2013. Dr. Cordero conducted an initial health assessment of Taniguchi at that time, and characterized his PFB as very mild. [R. 1-1 at 47-51] Over the next few months, HSA Wilson refused to issue a memorandum indicating that a beard trimmer was medically necessary to treat Taniguchi's PFB following a conversation with Dr. Cordero. [R. 1 at 15-18; R. 1-1 at 53-] As a result, Taniguchi alleges that by December 2013 the symptoms of his PFB, including irritated skin and lesions, had returned because the blades on his

existing trimmer had become dull and he had not been able to obtain a replacement trimmer. Instead, medical staff prescribed Cephalexin for the condition, although Taniguchi contends the medication did not help. [R. 1-1 at 61-67] Following two March 2014 examinations, Cordero again concluded that Taniguchi's PFB was mild and did not require treatment. [R. 1 at 20-22; R. 1-1 at 69-79] Medical staff continued to assess Taniguchi's condition as mild following examinations in December 2014 and January 2015. These records indicate that Taniguchi was not shaving at the time. [R. 1-1 at 96-98, 100-103]

Taniguchi filed inmate grievances regarding this issue in October 2013, which were denied at the institutional and regional levels in November 2013 and January 2014. Taniguchi appealed to the Central Office, which denied his appeal in March 2015. [R. 1 at 19-20, 25]

## II

The Court must assess the viability of Taniguchi's claim that the medical care provided by the defendants was so lacking that it violated his rights under the Constitution. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff asserting deliberate indifference to his serious medical needs must establish both the objective and subjective components of such a claim. *Jones v. Muskegon Co.*, 625 F. 3d 935, 941 (6th Cir. 2010). The objective component requires the plaintiff to show that the medical condition is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), such as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *Harrison v. Ash*, 539 F. 3d 510, 518 (6th Cir. 2008) (citations omitted). The subjective component requires the plaintiff to show that prison officials actually knew of a substantial risk of harm to the plaintiff's health but consciously disregarded it. *Cooper v. County of Washtenaw*, 222 F. App'x 459, 466 (6th Cir. 2007); *Brooks v. Celeste*, 39 F. 3d 125, 128 (6th Cir. 1994).

      Here, Taniguchi indicates that he suffers from PFB, a facial skin condition that occurs when hair follicles curve back into the skin, which in turn causes it to become inflamed or irritated. This condition, which is known colloquially as razor bumps, can be made worse by shaving. While doubtless uncomfortable and unpleasant in its more severe forms, Taniguchi's physicians consistently characterized his condition as mild, and courts have held that PFB does not constitute a sufficiently "serious medical need" to satisfy the objective prong of a claim under the Eighth Amendment. Cf. *Shabazz v. Barnauskas*, 790 F. 3d 1536, 1538 (11th Cir. 1986) (holding that PFB is not a "serious medical condition" implicating the Eighth Amendment); *Cleveland v. Thaler*, 64 F. App'x 417, 418 (5th Cir. 2003) (holding that PFB did not pose a serious risk of injury); *Turner v. Buckmaster*, 958 F. 2d 378 (9th Cir. 1992) (noting that while "PFB may range in seriousness from mild to moderate to severe," a plaintiff who does not produce evidence that his PFB was of the severe variety fails to establish that his claim involves a "serious medical need," warranting dismissal); *Northern v. Fuchs*, No. 07-C-142-S, 2007 WL 5325868, at *2 (W.D. Wisc. July 16, 2007) ("Although PFB is an annoying skin condition there is no evidence that it is a serious medical condition."); *Latham v. Johnson*, No. 07-C-142-S, 2008 WL 153765, at *3-4 (E.D. Va. Jan. 14, 2008) ("The razor bumps that plaintiff alleges, which result from ingrown hairs, even if left untreated, constitute a minimal medical need."); *Bruno v. Parekh*, No. 2: 06-CV-432-

4

FTM-29SPC, 2008 WL 2413997, at *4 (M.D. Fla. June 11, 2008) (concluding that PFB is not a serious medical condition because "[t]he condition of Plaintiff's skin after shaving is not one that if left unattended, poses a substantial risk of serious harm."). The Court agrees that where Taniguchi's medical records are devoid of any indication either than his condition was severe or could exacerbate any other medical condition, he fails to satisfy the objective prong of an Eighth Amendment claim.

Even if the Court were to conclude otherwise, Taniguchi's allegations fail to support any claim that the defendants were deliberately indifferent to his PFB symptoms. When Taniguchi arrived at FCI-Manchester in March 2013, Dr. Cordero examined Taniguchi and exercised his medical judgment to conclude that his PFB was very mild. [R. 1-1 at 47-51] When Taniguchi complained again of PFB symptoms in December 2013, staff tried a prescription of Cephalexin for the condition. [R. 1-1 at 61-67] Subsequent examinations throughout 2014 indicate that Taniguchi exhibited at most mild symptoms of the condition. [R. 1-1 at 69-79]

At bottom, Taniguchi's claim is based upon his belief that one doctor's recommendation that he should be permitted to use a beard trimmer in lieu of shaving was the only medically-appropriate treatment plan for his PFB, while the medical opinion of his subsequent treating physician that his condition was mild and could be addressed by other means was incorrect. But where a prisoner has been examined and treatment provided but the prisoner merely disagrees with the course of care determined by his treating physician in the exercise of his medical judgment, his claim sounds in state tort law – it does not state a viable claim of deliberate indifference under the Eighth Amendment. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts

are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."); *Durham v. Nu'Man*, 97 F. 3d 862, 868-69 (6th Cir. 1996); *Rodriquez v. Lappin*, No. 08-347-GFVT, 2009 WL 2969510, at *5-6 (E.D. Ky. Sept. 11, 2009). Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001).

In sum, Taniguchi's "disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation." *Lyons v. Brandy*, 430 F. App'x 377, 381 (6th Cir. 2011) (*citing Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). See also *Pierce v. Scott*, 46 F. App'x 227 (5th Cir. 2002) (prison officials' refusal to issue permanent shaving pass to inmate with PFB fails to state a claim under Eighth Amendment); *Millet v. Tomkins*, 52 F. 3d 338 (10th Cir. 1995) (affirming dismissal of claim of deliberate indifference where prison medical staff treated plaintiff's PFB with medication); *Childers v. Lewis*, 924 F. 2d 608 (9th Cir. 1991) (no deliberate indifference where prison officials examined the plaintiff on many occasions, treated his condition and gave him instruction on how to shave properly); *Small v. Cole*, No. 2: 04-CV-180, 2005 WL 2219269, at *3 (N.D. Tex. Sept. 7, 2005) (prisoner's Eighth Amendment claim based upon treatment of his PFB with benzoyl peroxide, trifamicinlone, and sulfamethoxazol trimeth amounted to nothing more than disagreement with treatment plan, and failed to establish viable claim of deliberate indifference). The Court reaches no conclusion whether the care provided fell below the applicable standard of care and hence may establish a claim of medical negligence under state

law. But Taniguchi's allegations do not support any claim that his health care providers were deliberately indifferent to his medical condition. Accordingly, his Eighth Amendment claim must be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Taniguchi's complaint [R. 1] is **DISMISSED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Dated June 1, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY